## BONNER *v.* MILLEDGEVILLE RAILWAY COMPANY.

1. An act to incorporate a named railroad company, "and to define its rights, powers, and privileges, and for other purposes," is not unconstitutional as containing matter different from that expressed in its title, or as relating to more than one subject-matter, because in the body of the act it is provided that the corporation shall have the right to construct and equip such lines or routes "as have already or may hereafter be agreed upon and contracted for" by the corporators and the municipal authorities of the city in which the line is to be constructed, and that " the use and enjoyment of so much of the public streets of said city as has heretofore been granted to said corporators by [the municipal authorities] is hereby confirmed in and unto the said corporation."

2. Under such an act, passed in 1888, where a company operating under a charter thus created is granted the right, by the municipal authorities in 1905, to lay a spur-track in the streets of the city, the right so granted may be exercised independently of the question whether the original charter right to lay spur-tracks was exhausted with the first use.

Argued May 1, — Decided May 15, 1905.

Petition for injunction. Before Judge Lewis. Baldwin superior court. March 22, 1905.

*Hines & Vinson* and *J. D. Howard,* for plaintiff.
*Allen & Pottle,* for defendant.

FISH, P. J. This was an action to enjoin the Milledgeville Railway Company from constructing a spur-track on its line of railroad on a named street in the City of Milledgeville. The petition alleged that for various reasons the proposed track would be injurious to the plaintiff, and would constitute a public nuisance, and that the defendant was without charter authority to do the work contemplated. A temporary restraining order was granted; but on the hearing this was dissolved and an interlocutory injunction was denied; whereupon the plaintiff excepted. The evidence as to the alleged injurious effect upon the plaintiff of the laying of the track proposed was directly in conflict, and would have supported a decision for either the plaintiff or the defendant. The case as argued in this court turns entirely upon the authority of the defendant company to lay the track.

1. The defendant is operating under a charter granted in 1888 to the Milledgeville and Asylum Dummy Railroad Company, whose successor it is. The title of the act incorporating that company is as follows: "An act to incorporate the Milledgeville and Asylum Dummy Railroad Company, and to define its

rights, powers, and privileges, and for other purposes." By section 4 it was provided "that said corporation shall have full power and authority to survey, lay out, construct, equip, use, and enjoy lines or routes of said road in the City of Milledgeville, as have been already or may hereafter be agreed upon and contracted for by the aforesaid corporators and the Mayor and Aldermen of said City of Milledgeville; and the use and enjoyment of so much of the public streets of said city as has heretofore been granted to said corporators by the, said Mayor and Aldermen is hereby confirmed in and unto the said corporation." It is urged by counsel for the plaintiff that the act of incorporation is unconstitutional, in that it contains matter different from that expressed in its title, and refers to more than one subject-matter; and the section which we have just quoted is cited as the basis of that contention. We can not agree that this position is sound. One of the purposes of the act, as expressed in its title, is to define the rights, powers, and privileges of the company being incorporated, and the section quoted is plainly in line with that purpose. The fact that reference is made to a grant of privileges by the city to the corporators of the company at a time when the city had no legislative authority to make the grant does not alter the principle involved or make the act unconstitutional; for it was clearly within the power of the General Assembly to ratify and confirm what had already been done by the city, regardless of the city's authority to do it at the time. This ratification was germane to the general subject of defining the rights and privileges of the company being incorporated, and so the act was not objectionable as referring to more than one subject-matter.

2. By a contract executed September 18, 1888, prior to the passage of the act incorporating the Milledgeville and Asylum Dummy Railroad Company (which, as will have been seen, was ratified by the General Assembly in the passage of that act), the City of Milledgeville "demised and leased unto the said Milledgeville and Asylum Dummy Railroad Company so much of the streets of the said city as may be necessary for a good and sufficient road-bed" for a term of ninety-nine years. The contract recited a consideration, designated the streets to which it referred and over which the right of way was granted, and provided that "the above-described right of way shall include

and embrace sufficient ground upon which to construct and build what are known as and called spur, switches, and sidings." It is insisted by the plaintiff that even if the act incorporating the Milledgeville and Asylum Dummy Railroad Company is valid and constitutional, the power to construct switches and spurs was exhausted with the first construction of the track and the election by the company of the places at which they would build such spurs or switches. This is a question which must necessarily turn upon the power granted to the corporation in its charter; and as has been seen, under the act incorporating the Milledgeville and Asylum Dummy Railroad Company, that company was granted authority to construct such lines or routes in the City of Milledgeville "as have been already or may hereafter be agreed upon and contracted for by the aforesaid corporators and the Mayor and Aldermen of said City of Milledgeville." Regardless of the question whether or not, under the contract between the City of Milledgeville and the Milledgeville and Asylum Dummy Railroad Company, executed in 1888, the defendant company had the right in 1905 to lay spur-tracks on the streets of the City of Milledgeville, it appears that express and specific authority has been granted it by the Mayor and Aldermen to lay this particular spur. Clearly, then, there can be no question as to whether the defendant exhausted its original charter right to lay spur-tracks by the first exercise of that right; for it is acting under a new power granted by the City of Milledgeville and expressly provided for by the act under which its predecessor was incorporated. We will state in passing, however, that the cases relied on by counsel for the plaintiff, viz., *Alabama Great Southern R. Co.* v. *Gilbert*, 71 *Ga.* 594, and *Savannah R. Co.* v. *Woodruff*, 86 *Ga.* 94, were thoroughly analyzed by Mr. Justice Candler in his able opinion in the case of *Gardner* v. *Georgia R. Co.*, 117 *Ga.* 534 (5), and it was conclusively shown that the language quoted and relied on by counsel for the plaintiff in the present case was obiter and not binding.

From the foregoing it follows that the judgment refusing to grant an interlocutory injunction as prayed for was not erroneous.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*